Albert Orenstein, J.
This is an appeal from a judgment of conviction of harassment in violation of section 240.25 of the Penal Law, after trial without a jury in the Town of Dewitt Court of Special Sessions (Kimball, J.) on August 11, 1971. The record is unclear as to the specific section violated. However, from the return filed by the Trial Judge, it appears the applicable section is subdivision 2 of section 240.25 of the Penal Law.
Briefly stated, the facts indicate that the defendant while walking through the parking lot of the Scene Restaurant made a remark to one of his friends that “ there was a nigger on the door” which statement was overheard by one Officer Glinski. Officer Glinski stopped the defendant, then called the complainant over, and asked the defendant to repeat what *1037 he had said. The complainant testified that Officer G-linski and the defendant were talking as he walked to where the defendant was.
The complainant tried to get the defendant to apologize and told the defendant he would let him go and forget about it if he apologized but the defendant said he had made the remark to his friend in a private conversation and refused to apologize.
The defendant testified he meant no offense to the complainant by the remark. The defendant stated the initial remark was made to his companion to tell him that a black officer was at the side door. The complainant himself did not care what the defendant said.
Subdivision 2 of section 240.25 of the Penal Law reads as follows: “A person is guilty of harassment when, with intent to harass, annoy, or alarm another person:
“2. In a public place, he uses abusive or obscene language, or makes an obscene gesture ”.
Criminal Law in New York Under the Revised Penal Law, by Marks and Paperno (§ 545, p. 611) states: “ The distinctive mens rea which must appear, and which is applicable to, and must be read into, each of the constituting subsections, is that the acts designated must be perpetrated ‘ with intent to annoy or alarm another person.’”
Section 15.05 of the Penal Law defines intentionally as follows : “1. ‘ Intentionally. ’ A person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct.”
It does not appear from the trial transcript that the facts prove beyond a reasonable doubt that the defendant herein intentionally directed his remarks toward the complainant, with the intent to harass or annoy him. The remarks appear to have been made to a companion in a private conversation and was overheard by a white officer who then asked complainant over to have defendant repeat what he had said.
In addition, the officer testified that he was not annoyed by what the defendant said and that he himself did not care what he said. The court in People v. Benders (63 Misc 2d 572, 574) referring to section 240.25 of the Penal Law entitled “Harassment”, and section 720 of the former Penal Law stated: “ It would seem that any attempt to distinguish the two sections upon the ground that the present section only requires an ‘ intent to harass, annoy or alarm ’ and not an actual harassment or annoyance, would indeed result in *1038 nothing more than mental gymnastics or useless circuity.” (emphasis added).
Here, the addressee himself has indicated that he did not care nor was he upset about what the defendant had said. The harassment section requires an affirmative showing that a person was annoyed or harassed. Where proof of this essential element is lacking, a conviction of harassment cannot legally be sustained.
Lastly, assuming that the language was directed intentionally toward the complainant, the court is of the opinion that a statement of the character as alleged herein is not as a matter of law abusive or obscene. The court in People v. Benders (supra, p. 576) stated: “Perhaps more than ever before, a police officer ought, at the very least, respect the old adage, ‘ sticks and stones, etc.’ by ignoring fleeting, obviously emotional or impulsive language or gestures, albeit crude.”
This is not to say that language of this character is not abusive or obscene. Nor does this court in any way condone the use of this language. However, the court recognizes that all ethnic groups are subjected to casual, degrading slurs or innuendos. Some are intentional and others careless utterances. However, this type of language is not always a violation of law or to be regarded as criminal.
Accordingly, the judgment of conviction is reversed and the information is dismissed.